IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| EXXON MOBIL CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>AECOM ENERGY & CONSTRUCTION, INC., and AECOM,<br><br>Defendant. | CV 19-107-BLG-SPW<br><br>ORDER ON PROPOSED JURY INSTRUCTION |

Following Joel Bunting's testimony on Wednesday, January 15th, 2025, AECOM requested this Court provide a jury instruction on the legality of pay-when-paid clauses in Montana. This Court ordered the parties to present briefing on the matter by January 27th, 2025. The matter has now been fully briefed and is ripe for ruling. (*See* Docs. 247, 248).

On January 15, 2025, Joel Bunting, testified that

"Some of the contractors were led to believe that AECOM had a pay-when-paid contract with ExxonMobil and that those requirements flowed down to the contractors so in effect they were claiming that because they hadn't been paid by ExxonMobil that they didn't have an obligation to pay their subs. That's not true, we discussed the milestone payment program that the contract followed, and *I believe pay-when-paid contracts are illegal in Montana*, so that was not the case at all."

1

(Doc. 247 at 3) (emphasis added). On January 21, 2025, AECOM objected to this portion of the testimony because it is the Court's sole province to instruct the jury regarding the law, and Mr. Bunting's testimony regarding Montana law was wrong. (*Id.*). AECOM has proposed a jury instruction to cure the prejudicial testimony given by Mr. Bunting. (*See* Doc. 247-1).

In response, Exxon argues that a jury instruction is unnecessary because whether pay-when-paid clauses are legal in Montana is irrelevant to the claims in this case. (Doc. 248 at 2). Section 23 of the contract provides as follows:

> "LIENS. Suppliers will ensure that its employees, subcontractors, and subcontractor's employees do not affix any claims or liens upon Purchaser's real or personal property. Supplier will indemnify, defend, and hold Purchaser harmless from these claims and liens. If requested, Supplier will furnish Purchaser with full releases of claims and liens on forms satisfactory to Purchaser. Purchaser may require Supplier to post a bond, at no cost to Purchaser, to remove these claims or liens. Alternatively, Purchaser may discharge or remove these claims or liens by bonding, payment, or other means, all of which are chargeable to Supplier along with attorney's fees and costs."

(Tr. Ex. 1001-13). Exxon goes on to argue that it is beyond dispute that Diamond Refractory, an AECOM subcontractor, filed a lien against Exxon's refinery. (Doc. 248 at 2). However, the reason why AECOM delayed paying subcontractors is irrelevant to AECOM's case, because none of its claims or defenses depend on whether it was entitled to withhold payment from subcontractors. (*Id.* at 3). Alternatively, Exxon suggests the Court provide a limiting instruction to the jury instead of a jury instruction on "pay-when-paid" clauses. (*Id.* at 3).

2

A district court has substantial latitude to tailor jury instructions, as long as the instructions fairly and adequately embody the relevant law regarding the issues presented. *U.S. v. Marsh*, 26 F.3d 1496, 1502 (9th Cir. 1994); *U.S. v. Powell*, 955 F.2d 1206, 1210 (9th Cir. 1991). It is proper for a district court to reject proposed jury instructions when they are irrelevant to the proceedings. *U.S. v. Coin*, 753 F.3d 1510, 1511 (9th Cir. 1985); *U.S. v. Little*, 753 F.2d 1420, 1433 n. 3 (9th Cir. 1984).

The Court agrees with Exxon that the legality of pay-when-paid clauses is irrelevant to the current proceedings. Based on a review of the contract between Exxon and AECOM there is no language referencing a pay-when-paid clause. (Tr. Ex. 1001). More importantly, neither of the parties claims or defenses depend on a determination of whether a pay-when-paid clause is legal. In lieu of a jury instruction, this Court will provide a limiting instruction to the jury to disregard Mr. Bunting's testimony regarding the legality of pay-when-paid clauses to cure any potential prejudice from his testimony, if either party wishes the Court to do so.

DATED this 29th day of January, 2025.

*Susan P. Watters*

SUSAN P. WATTERS
United States District Judge

3