IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| EXXON MOBIL CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>AECOM ENERGY & CONSTRUCTION, INC., and AECOM,<br><br>Defendant. | CV 19-107-BLG-SPW<br><br>ORDER |

On January 23, 2025, following the conclusion of Exxon's case-in-chief, AECOM made an oral Rule 50 motion for the Court to rule on the applicability of the penalty clause in the turnaround contract. (Doc. 245). AECOM argues that Mont. Code Ann. § 27-1-220(2)(a), which prohibits punitive damages in breach of contract cases is applicable to the penalty clause in the turnaround contract. Under the penalty clause:

> "CONTRACTOR shall ensure that all Turnaround Execution work is completed by the completion date of the agreed upon schedule as described in Section 2.1 and 5.4 of Exhibit A. If CONTRACTOR causes a delay of completion of the Turnaround Execution work, the *CONTRACTOR will incur a 0.25% change of the total Order cost per day.*" (Doc. 138-3 at 4) (emphasis added).

1

Under Rule 50(a), if a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party of that issue, the court may: (1) resolve the issues against the party and (2) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue. Fed. R. Civ. P. 50(a). A Rule 50 motion allows the trial court to remove cases or issues from the jury's consideration when the facts are sufficiently clear that the law requires a particular result. *Weisgram v. Marley Co.*, 528 U.S. 440, 447 (2000).

The Court first notes that a Rule 50 motion on this issue is improper. Whether Montana permits punitive damages in breach of contract cases or whether the penalty clause in the contract is equivalent to punitive damages, are questions of law. A ruling on this issue does not require a consideration of the factual evidence before the jury. This issue should have been resolved via pre-trial motions. However, this Court will resolve the issue to give the parties clarity.

Here, the Court finds that § 27-1-220(2)(a) is inapplicable to the contract clause. Under §27-1-220(2)(a), "unless otherwise expressly provided by statute, punitive damages may not be recovered in any action arising from: (i) contract; or (ii) breach of contract." At issue in this motion is a penalty clause in the contract. Punitive damages are awarded by courts to punish a defendant for egregious

2

conduct, while penalty clauses are contractual provisions that specify a predetermined sum to be paid by the breaching party. The more appropriate statute to cite would be Montana's liquidated damages statute, § 28-2-271(2), which states that "the parties to a contract may agree therein upon an amount which shall be presumed to be an amount of damage sustained by breach thereof when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage."

Parties in Montana are generally free to mutually agree to terms governing their private contracts. *Arrowhead School Dist. No. 75, Park County v. Klyap*, 2003 MT 294, ¶ 20. In evaluating penalty clauses, the court must determine if the clause is reasonable. *Id.* at ¶ 24. Liquidated damages clauses are presumed reasonable, and the burden is on the breaching party to prove that the clause is unconscionable. *Id.* at ¶ 54. The test for unconscionability involves a two-step inquiry: whether the contract qualifies as a contract of adhesion, and whether the contract unreasonably favored the drafter. *Kelker v. Geneva-Roth Ventures, Inc.*, 2013 MT 62 at ¶ 19. A "contract of adhesion" is a contract whose terms are dictated by one contracting party to another who has no voice in its formulation. *Highway Specialties, Inc., v. State, Dept. of Transp.*, 2009 MT 53 at ¶ 16. "Since the test for unconscionability focuses on the nature of the bargaining process, we will only strike a liquidated damages clause 'if the bargaining process itself had some inherent unfairness that actually

3

prevented the contract from being freely negotiated...'" *Id.* at ¶ 12 (quoting *Arrowhead*, at ¶ 55).

During their oral motion, AECOM did not allege any facts that would indicate there was inherent unfairness in the bargaining process. AECOM is a Fortune 500 company and had a revenue of $13.3 billion in 2021. (Tr. Ex. 0206-001). Without any evidence demonstrating unconscionability, this Court will assume that a large publicly traded company such as AECOM was able to freely negotiate contract terms with Exxon. Because AECOM did not prove that the contract at issue was a contract of adhesion, the Court finds that the penalty clause is enforceable. AECOM's Rule 50 motion is therefore DENIED.

DATED this 29th day of January, 2025.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge