IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| EXXON MOBIL CORPORATION, | CV 19-107-BLG-SPW |
| Plaintiff/Crossclaim Defendant, | |
| v. | ORDER ON AECOM'S MOTION FOR CLARIFICATION AND QUANTIFCATION OF JUDGMENT |
| AECOM ENERGY & CONSTRUCTION, INC. and AECOM | |
| Defendants/Crossclaim Plaintiffs. | |

Following the jury's verdict, Defendants/Crossclaim Plaintiffs AECOM Energy & Construction, Inc. ("AECOM") filed a Motion for Clarification and Quantification of the Judgment. (Doc. 282). The motion is fully briefed and ripe for the Court's review. (*See* Docs. 283, 290). For the following reasons, the Court denies AECOM's motion and reserves ruling on one argument to follow the resolution of the parties respective Motions to Amend. (*See* Docs. 287, 291).

I.    **Background**

The facts of this case are well known to the parties, and only the pertinent facts will be restated below.

The Court held a fourteen-day trial beginning on January 13, 2025. Exxon alleged that it was owed $93,042,365 in total for AECOM's breach of contract and gross negligence or willful misconduct. (Doc. 218 at 6). AECOM alleged that it

1

was owed $102,855,577 for Exxon's breach of contract, $5,643,665.64 under their account stated claim, and $8,034,725 under the Prompt Payment Act ("PPA"). (*Id.* at 12–17).

The jury determined that AECOM prevailed on its breach of contract, PPA, and account stated claims. (Doc. 264). The jury awarded AECOM $64 million in total for their claims.

The jury further found that Exxon prevailed on its breach of contract claim for a total of $20 million but failed to establish that AECOM's managerial personnel acted with gross negligence or willful misconduct and did not award Exxon any damages for its indirect (consequential) damages claim. (*Id.* at 2).

After the clerk entered judgment, AECOM filed a motion to clarify and quantify the judgment. AECOM argues the Court: (1) should confirm AECOM's judgment against Exxon is for $72,034,725 based on the jury's award of $64 million in damages in addition to $8,034,725 in non-duplicative Prompt Payment Act damages, (2) should amend the judgment under Rule 59(e) so that Exxon's recovery is limited to $13,320,218, and (3) decline to set off the parties' judgments until all prejudgment interest has been determined and added. (Doc. 283 at 7, 13, 21). The Court reserves ruling on AECOM's third argument because whether AECOM is entitled to pre-judgment interest is a subject of the parties respective Motions to Amend. (*See* Docs. 287, 291).

## II.    Legal Standard

### A. Motion for Clarification

Although no specific Federal Rule of Civil Procedure explicitly governs motions for clarification, courts have recognized and granted such motions when appropriate. *LBF Travel Mgmt. Corp. v. DeRosa*, 20-cv-2404-SBC, 2025 WL 1088200, at *2 (S.D. Cal. Apr. 11, 2025); *N. Alaska Env't Ctr. v. Haaland*, 3:20-CV-00187-SLG, 2023 WL 3661998, at * 3 (D. Alaska May 25, 2023). "The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *N. Alaska Env't Ctr,* 2023 WL 3661998, at *3 (citing *United States v. All Assets Held at Bank Julius, Baer & Co.*, 315 F. Supp. 3d 90, 99 (D.D.C. 2018). A motion for clarification is appropriate when parties "are uncertain about the scope of a ruling" or when the ruling is "reasonably susceptible to differing interpretations." *Id.* (citing *All Assets Held at Bank Julius, Baer & Co.*, 315 F. Supp. 3d at 99–100)

### B. Rule 59(e)

Under Rule 59(e), a party may move "to alter or amend a judgment" within 28 days of its entry. Fed. R. Civ. P. 59(e). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). "But amending a judgment after its entry remains 'an

extraordinary remedy which should be used sparingly.'" *Id.* (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999). In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *Id.* (citations omitted). However, a court considering a Rule 59(e) motion is not limited to these four situations, for instance, where the amendment reflects the purely clerical task of incorporating undisputed facts into the judgment. *Id.* (citing *Molnar v. United Techs. Otis Elevator*, 37 F.3d 335, 337–38 (7th Cir. 1994). Such amendments do not raise the concern that a party has abused Rule 59(e) to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

## III. Discussion

### A. *The Total Judgment for AECOM is $64,000,000*

AECOM seeks to clarify the judgment arguing it was awarded $64 million in breach of contract damages plus $8,034,725 in PPA damages for a total of $72,034,725. (Doc. 283 at 7). In response, Exxon contends that AECOM's request

should be denied because the jury included any amount owed based on unpaid invoices in the $64 million breach of contract award. (Doc. 290 at 5).

The consistency of the jury verdicts must be considered in light of the judge's instructions to the jury. *Toner v. Lederle Lab'ys, a Div. Of American Cyanamid Co.*, 828 F.2d 510 (9th Cir. 1987). Courts must accept any reasonable interpretation of the jury's actions and generally assume that the jury followed the jury instructions when calculating damages. *Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020, 1038 (9th Cir. 2003); *See Southern Pac. Co. v. Smith*, 83 F.2d 451, 452 (9th Cir. 1936).

Accordingly, the Court finds it reasonable to conclude that the jury included any damages related to unpaid invoices, including the PPA and account stated invoices, in the $64 million awarded for breach of contract damages, and therefore there is no reason to alter the damages award. The crux of AECOM's case was that Exxon failed to pay for additional work not originally contemplated in the Purchase Order based on the ten-week turnaround delay. Its breach of contract claim focused on Exxon's failure to pay invoices for the extra work, which included invoices associated with the account stated and PPA claims. The overlap in claims raised a concern that the jury might award double damages for the same unpaid invoice. This

concern was addressed during the charging conference.[1] As a result, the Court instructed the jury to avoid awarding double damages for the same injury related to unpaid invoices that AECOM sought to recover under multiple theories of liability, including breach of contract, account stated, and the PPA. (Doc. 268 at 41).[2]

Because the verdict form only provided one section to state the damages owed to each party, it is impossible to determine exactly how the jury arrived at the calculated damages. However, the Court assumes that the jury properly followed the instructions when calculating damages, and any damages related to the unpaid invoices were included in the $64 million awarded for breach of contract damages. Therefore, AECOM's motion to increase its damages award to $72,034,725 is denied.

*B.*     *The Total Judgment for Exxon is $20 Million*

Next, AECOM argues that under Rule 59(e), the Court should reduce the verdict awarding Exxon $20 million because Exxon's evidence and request to the jury established that its maximum recovery on direct damages was

---

[1] *See* Rough Transcript Day 13, Page 215 (Attached as Exhibit A) (Exxon: And the concern here is … that AECOM's got these account stated and Prompt Payment Act claims where they are asking the jury to award amounts for specific invoices … total[ing] something like $8 million, but all those $8 million are also included in the breach of contract damages. AECOM: I think our verdict form takes care of that.)

[2] Jury Instruction No. 36: AECOM is seeking to recover for Exxon's non-payment of certain invoices under multiple theories of liability, including breach of contract, "account stated" and violation of Montana's Prompt Payment Act. It is possible to allege several individual causes of action based on the same injury. But you may not award the same damages more than once. (Doc. 268 at 41).

$13,320,218. (Doc. 283 at 13). In response, Exxon contends that the record contains ample support for an award of $20 million in direct damages. (Doc. 290 at 12).

In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgments rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *Allstate Ins. Co.*, 634 F.3d at 1111. Courts are not limited to these four situations, for instance Rule 59(e) amendments can be appropriate when the amendment reflects the purely clerical task of incorporating undisputed facts into the judgment. *Id.*

The Court notes that it is inappropriate to couch a Rule 59(e) argument within a motion for clarification. The purpose of a motion for clarification is to explain or clarify something ambiguous, it is not to alter or amend the judgment. *N. Alaska Env't Ctr.*, 2023 WL 3661998, at *3. This argument should have been presented in AECOM's Motion to Amend, however, for purposes of clarity moving forward, the Court will address AECOM's argument.

AECOM argues that reducing Exxon's damages award reflects the purely clerical task of incorporating an undisputed fact into the judgment because Exxon only requested $13,320,218 in direct damages in its closing argument. (Doc. 283 at

18).    However, Exxon introduced sufficient additional evidence for the jury to conclude that it was owed $20 million in direct damages.    Exxon presented a setoff letter that estimated its direct damages at $18,223,217.    (Doc. 278-3 at 4).    In addition, one of Exxon's experts, Eric Bean, testified that Exxon spent $62 million for additional contractor support due to the extended turnaround duration.    Based on the evidence presented by Exxon, AECOM cannot claim that the amount owed in direct damages was an undisputed fact.    The amount owed was subject to dispute throughout the trial, as evidenced by the numerous experts used by both parties to establish the proper amount of damages.

In addition, the Court finds AECOM's reliance on *Godinez v. BMW of North America, LLC*, 2:17-cv-05072, 2022 WL 22792667 (C.D. Cal., Dec. 12, 2022) as precedent for a reduction in damages under Rule 59(e) unpersuasive.    In *Godinez*, the Plaintiff filed a complaint under the Song-Beverly Consumer Warranty Act ("Song-Beverly" Act) after BMW failed to replace or repurchase their vehicle based on defects covered by a written warranty.    *Id.* at * 1.    The jury found in favor of the Plaintiff and determined that the purchase price of the vehicle was $6,000.    *Id.*    Under the Song-Beverly Act, the manufacturer of the defective vehicle must make restitution in the amount equal to the actual price paid by the buyer.    *Id.* at * 4 (citing Cal. Civ. Code § 1793.2(d)(2)(B)).    The final pretrial order established that the Plaintiff purchased the vehicle for $45,563.00.    *Id.*    Because the Song-Beverly

8

Act requires full restitution for the prevailing individual and it was undisputed that the Plaintiff purchased the vehicle for $45,563.00, the court corrected the verdict to reflect the full purchase price. *Id.*

In *Godinez*, the court determined before the trial started that if the Plaintiff prevailed, they would be owed the amount paid for the vehicle. In the instant case, no stipulation between the parties set a limit on the amount of direct damages Exxon would be owed. Instead, as stated above, the amount owed to Exxon in direct damages was subject to dispute throughout the trial.

Here, the jury was free to accept the evidence of any one expert or choose a figure between them. Exxon has demonstrated that it presented sufficient evidence through exhibits and expert testimony, which would allow the jury to find AECOM liable for $20 million in direct damages. Because the Court gives great deference to the jury's calculations and there is sufficient evidence to support the jury's conclusion, AECOM's motion to reduce Exxon's damages award to $13,320,218 is denied.

///

///

///

///

///

## IV.    Conclusion

It is HEREBY ORDERED that AECOM's Motion for Clarification and Quantification of the Clerk's Judgment (Doc. 282) is DENIED.

1. AECOM's motion to increase the damages award to $72,034,725 is DENIED.

2. AECOM's motion to lower Exxon's damages award to $13,320,218 is DENIED.

3. The Court will reserve ruling on AECOM's motion related to pre-judgment interest until after the Court resolves whether prejudgment interest is warranted based on Exxon and AECOM's respective motions to amend.

DATED this 17th day of June, 2025.

SUSAN P. WATTERS
UNITED STATES DISTRICT JUDGE