IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

|  |  |
|---|---|
| EXXON MOBIL CORPORATION, | CV 19-107-BLG-SPW |
| Plaintiff/Crossclaim Defendant, | |
| vs. | ORDER DENYING AECOM'S MOTION FOR RECONSIDERATION |
| AECOM ENERGY & CONSTRUCTION, INC. and AECOM, | |
| Defendants/Crossclaim Plaintiffs. | |

Defendants and Crossclaim Plaintiffs AECOM Energy & Construction, Inc. and AECOM ("AECOM") filed a Motion for Attorneys' Fees and Costs on March 3, 2025. (Doc. 298). The Court granted the motion in part and denied it in part on March 9, 2026. (Doc. 350). Subsequently, AECOM filed a Motion for Reconsideration of the Fee Award Calculation (Doc. 354), which is now before the Court.[1]

AECOM states that it "does *not* request reconsideration of the Court's lodestar analysis (rates and hours), or decision to base its fee award on its evaluation of

---

[1] The Court considers only the arguments AECOM presented in its Motion for Reconsideration. Consistent with this Court's order on AECOM's Motion for Leave to File a Motion for Reconsideration (Doc. 353), the Motion is deemed fully submitted upon the filing of a response by Exxon Mobil Corporation ("Exxon"). Accordingly, while the Court considers Exxon's arguments as set forth in its response, it will not consider AECOM's reply.

1

AECOM's degree of success in the litigation." (*Id.* at 2). Instead, AECOM argues that the Court erred by dividing AECOM's $44 million net recovery by the amount it sought at trial, rather than by a figure that incorporates both parties' claims. (*Id.*). Exxon opposes any adjustment to the award. (Doc. 355).

Having reviewed AECOM's Motion, the Court declines to reconsider its prior order. AECOM cites no legal authority supporting the proposition that a party's degree of success must include amounts the opposing party failed to recover. Its argument is also speculative. Exxon's failure to obtain additional damages does not necessarily demonstrate that AECOM "succeeded" in defeating that portion of the case; it merely reflects that Exxon did not prove it to the jury's satisfaction. The Court cannot determine what portion, if any, of Exxon's unsuccessful claim was "prevented" by AECOM, nor is such an inquiry required.

Moreover, AECOM's proposed methodology is inconsistent with Montana law. The Montana Supreme Court has held that a party must obtain a net positive judgment to be deemed the prevailing party in cases involving counterclaims or setoffs. *See Lewistown Miller Constr. Co. v. Martin*, 271 P.3d 48, 56 (Mont. 2011). AECOM's suggestion that it would have "prevailed" even with a $0 recovery is incompatible with that principle; a party recovering nothing would not be entitled to attorneys' fees.

Consistent with this precedent, the Court focused on each party's actual net recovery when assessing AECOM's degree of success. It compared the net amount AECOM recovered from the jury—$44 million—to the total amount it sought at trial—$102 million. (Doc. 350 at 24). These figures already account for both AECOM's success ($64 million) and Exxon's success ($20 million). The Court remains unpersuaded that it must further consider the amount by which Exxon did not succeed.

Additionally, as Exxon notes (Doc. 355 at 3), AECOM previously argued in its Motion for Attorneys' Fees and Costs that it achieved a 72 percent recovery. (Doc. 299 at 20). The Court rejected that position and determined that AECOM obtained a 43 percent recovery. (Doc. 350 at 24). The Court continues to disagree with AECOM's characterization that it was approximately 70 percent successful.

Accordingly, IT IS HEREBY ORDERED that:

(1)    AECOM's Motion for Reconsideration of the Fee Award Calculation (Doc. 354) is DENIED.

(2)    AECOM's Motion for Leave to File a Reply (Doc. 358) is DENIED.

DATED this 13th day of April, 2026.

SUSAN P. WATTERS
United States District Judge

3