**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 30 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EXXON MOBIL CORPORATION,

      Plaintiff-Counterclaim

      Defendant-Appellee,

  v.

AECOM ENERGY & CONSTRUCTION, INC.,

      Defendant-Counterclaim

      Plaintiff-Appellant.

No. 25-4597

D.C. No.
1:19-cv-00107-SPW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted June 10, 2026
Seattle, Washington

Before: HAWKINS, W. FLETCHER, and M. SMITH, Circuit Judges.

   Exxon Mobil Corporation ("Exxon") hired AECOM Energy & Construction

("AECOM") to perform a significant overhaul of its oil refinery in Billings,

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Montana.  During the course of the contract, disputes arose over delays in the project as well as the quality of AECOM's performance; AECOM also asserted it was owed significant additional amounts for project changes made by Exxon.  The dispute was eventually tried before a jury, which concluded both parties had breached some of their contractual obligations, and awarded AECOM $64 million and $20 million to Exxon.  AECOM  now appeals three post-trial rulings by the district court, including how to interpret the jury verdict form, the grant of judgment as a matter of law to Exxon on AECOM's Prompt Payment Act ("PPA") claim, and the denial of prejudgment interest.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## I.    Rule 50(b) Motion re PPA Claim

Following the jury's verdict, Exxon renewed its motion for judgment as a matter of law on AECOM's PPA claim.  A Rule 50(b) motion should be granted when "the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *EEOC v. Go Daddy Software, Inc.,* 581 F.3d 951, 961 (9th Cir. 2009).  We review the grant of a Rule 50(b) motion de novo, *see id*., and we may affirm the district court on any ground supported by the record, *Charley's Taxi Radio Dispatch Corp. v. SIDA of Haw., Inc.*, 810 F.2d 869, 874 (9th Cir. 1987).  We conclude that the district court properly granted judgment in favor

of Exxon because there was no evidence from which a jury could have concluded Exxon violated the PPA.

In Montana, the PPA provides for the timely payment of contractors and subcontractors under construction contracts according to a default monthly billing cycle. Under the Act, an invoice is considered approved by the owner twenty-one days after a contractor submits it, unless the owner provides a written statement to the contractor disapproving the payment request and delineating the specific items of which the owner disapproves. Mont. Code Ann. § 28-2-2103(1)(b)–(c). The Act further provides that if payment "required by a construction contract . . . is delayed by more than 30 days from the date the payment is required by the contract to be made" the owner must pay interest to the contractor at the rate of 1.5% a month on the unpaid balance. *Id.* at § 28-2-2104. However, the Act also allows parties to adopt alternative billing processes. *Id.* at § 28-2-2115.

In the Purchase Order, the parties contractually agreed to a more complex scheme for progress payments which were divided into three phases and sixteen progress milestones. The procedures for milestone completion certificates and invoicing procedures were set forth in the Purchase Order and required Exxon to pay within thirty days "after receipt of a correct and complete invoice." The Purchase Order also gave Exxon the right to set off any losses it may have incurred "against any performance or payment due to Supplier."

25-4597

There were six invoices which were considered by the jury as part of AECOM's claim. AECOM submitted four of these invoices to Exxon on February 25, 2019. Under the Purchase Order, Exxon then had thirty days to pay after receipt of a "correct and complete invoice" or, if incomplete, to return the invoice wholly or partially unpaid.

Twenty-nine days later, Exxon informed AECOM that it would not pay these invoices because it was exercising its setoff rights under the Purchase Order and listed its reasons for setoff. Indeed, the jury ultimately determined Exxon's damages were $20 million, well more than the sum of these invoices. With respect to the other two invoices, AECOM failed to establish the date they were actually submitted to Exxon, but Exxon rejected the invoices on March 13, 2019, and provided reasons.

The additional interest penalty in the PPA is only applicable when a party fails to pay an invoice "more than 30 days from the date the payment is required by the contract to be made."[1] The PPA "clearly recognizes an owner's right to dispute all or part of a progress payment request for a litany of reasons . . . and requires an owner to promptly pay only the 'approved amount.'" *JEM Contracting, Inc. v. Morrison-Maierle, Inc.,* 318 P.3d 678, 681 (Mont. 2014); *see also id.* (the PPA is

---

[1] The district court admitted it had incorrectly instructed the jury it could find a violation of the PPA if Exxon did not object to the invoices within twenty-one days. "When reviewing a motion for judgment as a matter of law, we apply the law as it should be, rather than the law as it was read to the jury." *Pincay v. Andrews*, 238 F.3d 1106, 1109 n.4 (9th Cir. 2001).

not "a mandate that owners progressively pay contractors for billed amounts regardless of work quality or conformance with the contract").

Here, the parties contracted around the default provisions of the PPA. With respect to four invoices, the evidence demonstrated that Exxon clearly exercised its setoff rights within the contractually-agreed to timeframe; with respect to the remaining two invoices, AECOM failed to establish the date they were actually submitted to Exxon, and there was therefore no evidence that Exxon's dispute of these invoices fell outside the contractual thirty-day period. As such, there were no payments "required by a construction contract" which were delayed by more than thirty days to support a PPA violation and the increased interest penalties. Mont. Code Ann. § 28-2-2104. We therefore affirm the district court's grant of judgment as a matter of law to Exxon on the PPA claim.[2]

## II.    Jury Verdict

Following the verdict, AECOM filed a Motion for Clarification and Quantification of the Judgment, asking the court to clarify that it was entitled to $64 million *plus* $8,034,725 for the PPA claim, for a total of over $72 million. In light of our determination above that Exxon was entitled to judgment as a matter of law on the PPA claim, we affirm the district court's interpretation of the jury award.

---

[2]  Because of this conclusion, we need not address the district court's application of the law of the case doctrine with respect to the Rule 50(b) motion.

## III.   Prejudgment Interest

We apply state law to determine if an award of prejudgment interest is appropriate. *In re Exxon Valdez*, 484 F.3d 1098, 1101 (9th Cir. 2007).[3] Prejudgment interest is available in Montana if (1) there is an underlying monetary obligation, (2) the amount of recovery is capable of being made certain, and (3) the right to recover must vest on a particular day. *Mont. Petroleum Tank Release Comp. Bd. v. Crumleys, Inc.*, 174 P.3d 948, 965 (Mont. 2008). Prejudgment interest is inappropriate when the amount of a party's damages is uncertain or disputed. *Id.*

The district court correctly concluded that this case more closely resembles those in which Montana courts have declined to award prejudgment interest. Although AECOM is correct that the jury award need not precisely match the amount sought for prejudgment interest to be awarded, *James Talcott Constr. v. P&D Land Enters.*, 141 P.3d 1200, 1208 (Mont. 2006), the Montana Supreme Court has drawn a distinction between damages for sums that are clearly connected to the jury's award in an ascertainable fashion, in which case prejudgment interest may be awarded, and those where "a factfinder is not bound by a particular amount and could

---

[3] The parties disagree regarding the standard of review, with Exxon contending we review for abuse of discretion, *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1020 (9th Cir. 2003), and AECOM contending review is de novo, *Y.Y.G.M. SA v. Redbubble, Inc.*, 75 F.4th 995, 1000 (9th Cir. 2023); *Ryffel Fam. P'ship, Ltd. v. Alpine Country Constr., Inc.*, 386 P.3d 971, 977 (Mont. 2016). We need not resolve this dispute because, as discussed below, we would affirm the district court under either standard of review.

decide on nearly any award beyond or below that claimed," in which case prejudgment interest is not appropriate. *See Grosvold v. Neely*, 568 P.3d 525, 534 (Mont. 2025) (citing *DeTienne v. Sandrock, GG&Me, LLC*, 431 P.3d 12, 20 (Mont. 2018)).

This complex contractual dispute involved competing experts valuing the additional work performed that significantly exceeded the scope and terms of the original Purchase Order, conflicting opinions as to who was responsible as to how many days of delay, and what "Productivity Impacts" AECOM may have suffered as damages. AECOM sought $102,855,577 in damages but the jury awarded it only $64 million. Given the significant amount of competing data the jury received, "it could have reasonably determined any number of sums was appropriate." *Id.* at 551 (citing *Ryffel*, 386 P.3d at 981). As such, this is a case where "[t]he amount of recovery was not capable of being made certain until the jury returned its verdict," and thus prejudgment interest was not appropriate. *Id.* at 552.

All pending motions are denied as moot.

**AFFIRMED**.